UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHEL PICCOLOTTO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ONE OF A KIND INVESTMENT USA HOLDINGS, LLC, a dissolved Florida limited liability company; MATTHIEU V. LECUYER, an individual; DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-01645-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Stay Discovery (ECF No. 33), which the Court has reviewed along with Plaintiff's Opposition (ECF No. 36) and Defendants' Reply (ECF No. 38). Defendants argue a stay of discovery is proper because (1) the pending Motion to Dismiss will likely be dispositive of all of Plaintiff's claims, and (2) the stay will prevent the costs associated with pursuing unnecessary discovery. Plaintiff argues the Motion to Dismiss (1) will not be dispositive of the pending claims, and (2) the effectiveness of the release, which is at the center of Defendants' dismissal arguments, is fraudulent. Plaintiff claims he did not sign the release, which was procured by fraud.

Courts have broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). A pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically lead to a stay of discovery. *Id.*

When deciding whether to grant a discovery stay, courts are often guided by Rule 1 of the Federal Rules of Civil Procedure requiring the just, speedy, and inexpensive determination of every

action. *Tradebay*, 278 F.R.D. at 602-03. Motions seeking to stay discovery pending the resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The party seeking a discovery stay bears the burden of establishing the stay is warranted. *Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, 2013 U.S. Dist. Lexis 156928, *1 (D. Nev. Oct. 31, 2013) (citing *Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S. Dist. Lexis 125542, *5 (D. Nev. Sept. 5, 2012)).

The Court took a preliminary peek at the Motion to Dismiss and Opposition thereto. While certain claims may be decided without pursing any discovery, the issues raised with respect to the release cannot be resolved based on the pleadings alone. Neither the content nor the law pertaining to the contract or release will allow for a resolution of Plaintiff's fraud claim without discovery. If the release is effective, all of Plaintiff's claims will likely fail. If the release is not effective, at least some of Plaintiff's claims are likely to proceed.

Under these circumstances, the Court finds a wholesale stay of discovery is not appropriate. Discovery pertaining to and regarding the release, its procurement, the signature and, thus, its legal effect, should proceed.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery (ECF No. 33) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that discovery pertaining to Plaintiff's claim of fraud as it pertains to the release, will proceed. Discovery regarding all other claims raised in Plaintiff's Complaint is stayed at this time.

IT IS FURTHER ORDERED that the parties shall have 90 days to conduct and complete: (1) written discovery such that all responses are due no later than **June 12, 2023**; and (2) deposition discovery; provided, however, that each party may take no more than two depositions, and each deposition may not exceed three hours. These depositions will not count toward the total number of

1  deposition allowed under the Federal Rules.  All depositions must be completed no later than **June
2  12, 2023**.

3        IT IS FURTHER ORDERED that at the conclusion of the limited discovery described above,
4  the parties may seek leave of court to file motions for partial summary judgment.  Leave must be
5  sought from the District Judge who may, if leave is granted, set parameters for the limited motion
6  practice described herein.

7        IT IS FURTHER ORDERED that the parties may, if they so choose, submit an alternative
8  discovery plan and scheduling order to the Court that expands the scope of discovery permitted under
9  this Order.

10        IT IS FURTHER ORDERED that upon resolution of the pending Motion to Dismiss the
11  parties must, within 14 days of such resolution, file a discovery plan and scheduling order addressing
12  all remaining discovery unless the Motion to Dismiss disposes of this case in its entirety.

13        Dated this 13th day of March, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE