UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHEL PICCOLOTTO, | Case No. 2:21-cv-01645-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| ONE OF A KIND INVESTMENT USA HOLDINGS, LLC et al., | |
| Defendants. | |

Before the Court are Defendants' Motion for Sanctions, ECF No. 43, and *pro se* Plaintiff Michel Piccolotto's failure to show cause in response to this Court's order (ECF No. 45). For the reasons stated below, Plaintiff's Complaint (ECF No. 1) is DISMISSED without prejudice, Defendant's Motion for Sanctions is GRANTED in part and DENIED in part, and all other pending motions are dismissed as moot.

**I.   RELEVANT BACKGROUND**

On September 7, 2021, Plaintiff, who lives in Grenoble, France, brought this suit seeking damages related to an alleged breach by Defendants of a contract to build a replica of "Eleanor," the 1967 Shelby GT500 Mustang featured alongside actor Nicholas Cage in the film <u>Gone in 60 Seconds</u>. ECF No. 1, ¶¶ 2, 12-21, 30-98; <u>see also</u> GONE IN 60 SECONDS (Touchstone Pictures 2000). The Court makes the following factual findings from the record.

On November 17, 2022, Defendants brought a Motion to Dismiss. ECF No. 32. Four days later, Defendants brought a Motion to Stay Discovery. ECF No. 33. Counsel for Plaintiff filed responses to both on December 1 and 5, 2022, respectively. ECF Nos. 35, 36. Defendants filed

replies to both responses on December 11, 2022. ECF Nos. 37, 38. On March 13, 2023, the Court stayed discovery except as it related to issues with respect to a release. ECF No. 39.

On April 10, 2023, Plaintiff's counsel filed a Motion to Withdraw as Attorney. ECF No. 40. On April 25, 2023, the Court granted withdrawal. ECF No. 41. The Court also stayed discovery 30 days to provide Plaintiff an opportunity to retain new counsel and required withdrawing counsel to file a notice of compliance indicating that a copy of the order was mailed and, if available, emailed to Plaintiff. Id. A Certificate of Compliance was filed on May 9, 2023, which indicates that the former Plaintiff's counsel served a copy of the order (ECF No. 41) and a Notice of Deposition of Michel Piccolotto on Plaintiff via email, US mail to Plaintiff's last known address, and CM/ECF. ECF No. 42.

On June 1, 2023, Plaintiff failed to appear for his deposition, despite notice from his prior counsel and defense counsel. Id.; ECF No. 43-1 at 6, 44-45, 53-54. On July 12, discovery closed. On July 18, Defendants provided Plaintiff with notice of their intent to file a motion for sanctions and offered Plaintiff an opportunity to confer. ECF No. 43-1 at 58.

On July 24, 2023, Defendants filed a Motion for Sanctions. ECF No. 43. The motion includes allegations and exhibits indicating that Plaintiff Michel Piccolotto failed to appear for deposition, failed to respond to any of the discovery requests served by Defendants, and has failed to respond to meet-and-confer requests. Id. Plaintiff did not file a response to Defendant's Motion for Sanctions by the deadline of August 8, 2023, nor has Plaintiff sought leave from this Court for additional time to respond.

On August 24, 2023, the Court ordered Plaintiff to show cause as to why the case should not be dismissed for a failure to prosecute by September 6, 2023. ECF No. 45. In that order, the Court directed the Clerk of Court to send a copy of the order to Plaintiff Piccolotto by email and first class postage. Id. As of the time of this Order, Plaintiff has not made any filings nor had any other contact with the Court.

## II.   LEGAL STANDARD

The Court considers sanctions under two related but distinct standards: its inherent power and Federal Rule of Civil Procedure 37 Sanctions.

### A.   Dismissal Under the Court's Inherent Power

District courts have inherent power to control their dockets. Thompson v. Housing Auth. of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). In the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal. Id. (citing Link v. Wabash R.R. Co., 370 U.S. 628 (1961). A Court may dismiss sua sponte or on the motion of a Defendant under Federal Rule of Civil Procedure 41(b). Link v. Wabash R. Co., 370 U.S. 626, 633 (1962); Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). Dismissal is a harsh remedy, however, and should only be imposed in "extreme circumstances." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Further, the requirements of due process apply to inherent power sanctions. Hammond Packing Co. v. Arkansas, 212 U.S. 322, 349 (1909).

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992); Henderson, 779 F.2d at 1424.

In cases of sua sponte dismissal, there is a "closer focus" on the consideration of less drastic alternatives and the provision of a warning of imminent dismissal. Oliva, 958 F.2d at 274. Though the lack of a warning or an adversary hearing does not necessarily render dismissal void. Link, 370 U.S. at 632.

**B. Rule 37 Dismissal**

Federal Rule of Civil Procedure 37 provides for a Court, on motion, to order sanctions where a party fails to appear for a properly noticed deposition or fails to respond to properly served interrogatories or requests for inspection. Fed. R. Civ. Pro. 37(d)(1)(A)(i), (ii). Before filing such a motion, the movant should certify that they have in good faith conferred or attempted to confer with the party failing to act. Fed. R. Civ. Pro. 37(d)(1)(B). The Court can order sanction including dismissal of the action and reasonable attorney's fees and costs bringing the motion. Fed. R. Civ. Pro. 37(d)(3).

Because default judgment is a harsh penalty, "the district court must weigh five factors

before imposing dismissal: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Porter v. Martinez, 941 F.2d 732, 733 (9th Cir. 1991) (internal quotations omitted). The fifth factor has three subparts, including "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn, Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (citing Valley Eng'rs v. Electric Eng'g Co., 158 F.3d 1051, 1057 (9th Cir.1998)).

The key factors are prejudice to the party seeking sanctions and the availability of lesser sanctions. Henry v. Gill Indus., 983 F.2d 943, 948 (9th Cir. 1993) (quoting Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990)). These factors, however, "are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (citation and internal quotations omitted); see also Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006) (noting the district court need not make explicit findings as to each factor).

For dismissal to be proper, the conduct to be sanctioned must also be due to willfulness, fault, or bad faith. Henry, 983 F.2d at 947-48 (citing Fjelstad v. Am. Honda Motor Co., 762 1334, 1337 (9th Cir. 1985)). "Disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Id. At 948.

### III. DISCUSSION

#### A. Dismissal Under Inherent Power

The Court finds that the relevant factors counsel dismissal of the action sua sponte for a failure to prosecute and a failure to obey a Court order. See Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990).

First, the public's interest in expeditious resolution always favors dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999), superseded by statute on other grounds; Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990) (finding

a failure to prosecute for almost four months weighing in favor of dismissal). Plaintiff's total failure to prosecute the case for more than four months strongly weighs for dismissal.

Second, it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. Pagtalunan, 191 F.3d at 642 (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992); see also Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward . . . disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Since the withdrawal of Plaintiff's counsel, the Plaintiff's failure to comply with discovery, this Court's order, and failure to take any action to continue prosecution in a timely manner weighs for dismissal.

Third, where a plaintiff's actions create unreasonable delays and impairs a defendant's ability to proceed to trial. See Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987) (citing Rubin v. Belo Broad. Corp., 769 F.2d 611, 618 (9th Cir. 1985)); Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendants argue they have expended significant time, resources, and expenses to engage in this litigation over the last 22 months because of "Plaintiff's conduct that has delayed discovery, the progression of this matter, and interfered with the adjudication of the merits of this case. While the Motion to Dismiss is fully briefed, that may not be sufficient to resolve this action. As the Court explained in staying discovery, the issues raised with respect to the [liability] release cannot be resolved on the pleadings alone and noted after the Motion to Dismiss briefing was submitted that additional discovery on that issue was required. On the record, that discovery has not occurred. Accordingly, this factor strongly weighs for dismissal.

Fourth, usually the public policy favoring disposition on the merits weighs against dismissal. Pagtalunan, 191 F.3d at 643. In this case though this factor lends little support, since Plaintiff is "a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1228.

Finally, fifth, a District Court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions. United States v. Nat'l Med. Enters., Inc., 792 F.2d 906, 912 (9th Cir. 1986). Lesser sanctions

include formal reprimand, fines, the imposition of costs or attorney fees, or dismissal of the suit pending a condition, such as the acquisition of new counsel. Hamilton, 898 F.2d at 1429 (citing Malone, 833 F.2d at 132 n1.

However, the Court warned Plaintiff that a failure to obey the order to show cause could result in dismissal and the Court took additional steps to ensure delivery of the order and warning to the Plaintiff. A willful and total abandonment of prosecution, despite a clear pretrial order weights indicates lesser sanctions are unlikely to produce results. See Malone, 833 F.2d at 133 ("A plaintiff can hardly be surprised by a harsh sanction in response to willful violation of a pretrial order."); Ferdik, 963 F.2d at 1262 ("Although we have indicated a preference for explicit discussion by the district court of the feasibility of alternatives . . . we never have held that such discussion is a requirement for us to uphold a district court's order of dismissal.") (citations omitted). As such, the fifth factor strongly weighs for dismissal.

Of the five factors, three weigh strongly for dismissal, one weighs for dismissal, and one provides a slight weight against dismissal. Based on the forgoing, the Court finds the factors at issue counsel dismissal of the action for a failure to prosecute and a failure to obey a Court order. See Malone, 833 F.2d at 133 n.2 (stating that, while public policy favoring disposition of cases on their merits, it is not sufficient to outweigh the other four factors).

**B.  Terminating Sanctions Under Rule 37**

The Court turns to Defendants' Motion for Sanctions under Rule 37 and finds that Plaintiff's conduct warrants terminating sanctions.

Defendants argue that Plaintiff's willfulness and bad faith have been demonstrated by his failure to appear for deposition, failure to respond to Defendants' Requests for Admission, failure to respond to Defendants' and failure to respond to Defendants' Requests for Production of Documents. Defendants further argue that each of the five factors weigh in favor of terminating sanctions. Defendants request terminating sanctions and reasonable attorneys' fees and costs associated with their motion. Plaintiff made no relevant filings.

The Court finds that Defendants satisfied their meet and confer obligation under Rule 37(d)(1)(B) and Local Rule IA 1-3(f)(2). Rule 37(d)(1)(B) requires that a motion for sanctions

include a certification that the movant "has in good faith conferred or attempted to confer" with the non-movant in an effort to avoid judicial intervention. Fed. R. Civ. P. 37(d)(1)(B). The Court finds that Defendants have provided such a certification. The Local Rules define "meet and confer" as direct communication and discussion in good faith of the relevant issues under the rule. D. Nev. Civ. R. 1-3. The Court finds that, here, Defendants contacted Plaintiff by email to notify him of the discovery issues, ask for a telephone conference, and provide a safe harbor for the Rule 37 sanctions motion.

For the reasons above, the Court similarly finds the five Porter factors are met for terminating sanctions. 41 F.2d at 733. The Court's need to manage its docket and the public interest both weigh strongly for dismissal of this action. See Yourish, 191 F.3d at 983, 90. Plaintiff has prejudiced Defendants ability to prepare for trial by failing to produce basic discovery responses essential to forming a defense case. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990). While delay alone is insufficient to establish prejudice, here, there is a failure to produce any discovery coupled with defying an intervening court order. Id.; see also Secs. & Exch. Comm'n v. Seaboard Corp., 666 F.2d 414, 417 (9th Cir. 1982). The public policy preference toward adjudication on the merits is slight in a case where the plaintiff has abandoned prosecution. In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996) ("The overwhelming weight of the factors supporting dismissal overcomes the policy favoring disposition of cases on their merits. But even that policy lends little support to appellants, whose total refusal to provide discovery obstructed resolution of their claims on the merits."). The Court finds that Plaintiff's total failure to respond to discovery, despite a clear warning, indicates a willfulness, bad faith, or fault. Wyle v. R.J. Reynolds Inds., Inc., 709 F.2d 585, 589 (9th Cir. 1983). Plaintiff has willfully ignored a court order, despite a clear warning, and his apparent abandonment of the case indicated lesser sanctions are unlikely to produce results.

### C. Attorney's Fees and Costs Under Rule 37

The Court may also, in addition to dismissal, order the payment of reasonable attorney's fees and costs related to a sanctions motion. Fed. R. Civ. Pro. 37(d)(3). The Court finds the imposition of attorney's fees and costs warranted, given the unwarranted and avoidable expense

to Defendants and the need to, should Plaintiff return to court, encourage Plaintiff to abide by the schedule of discovery and depositions. See Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994) (upholding the imposition of fees for a failure to attend depositions).

### IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice for failure to obey a Court order and failure to prosecute this action.

**IT IS FURTHER ORDERED** that Defendants' Motion for Dismissal (ECF No. 32) is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that Defendants'' Motion for Sanctions (ECF No. 43) is **GRANTED**. This action is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff pay Defendants' reasonable attorney's fees and costs caused by Plaintiff's failure to respond to the requested discovery. Defendants shall submit a motion for costs and fees (itemized) consistent with this order by **October 20, 2023.**

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to close this action.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send a copy of this order to Plaintiff Michel Piccolotto by email and first class postage to the addresses contained within the Certificate of Compliance (ECF No. 42).

DATED September 25, 2023

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**